**Naeem AHMAD, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–72637.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 9, 2003.

Decided Feb. 10, 2004.

Joren Lyons, Esq., Angela M. Bean & Associates, San Francisco, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Richard M. Evans, Esq., Carol Federighi, Paul Fiorino, Esq., Virginia Lum, Washington, DC, for Respondent.

Before: CUDAHY,* GOODWIN, and KLEINFELD, Circuit Judges.

MEMORANDUM **

The facts of this case are familiar to the parties and we recite them here only to the extent necessary. Petitioner Naeem Ahmad, a native and citizen of Pakistan of Indian descent, appeals the Board of Im-

---

* The Honorable Richard D. Cudahy, United States Circuit Judge for the Seventh Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

migration Appeals' ("BIA") denial of his motion to reopen for consideration of protection under the Convention Against Torture ("CAT"). In denying his motion, the BIA took administrative notice of the fact that there had been a change in regime in Pakistan during the pendency of Ahmad's motion to reopen. The BIA concluded that because Ahmad had not shown that he faced torture under the current regime, he failed to show that he was likely to be tortured in the future and thus did not qualify for CAT protection.

Due process claims in deportation proceedings are reviewed de novo. *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1222 (9th Cir.2002) (citing *Castillo–Perez v. INS*, 212 F.3d 518, 523 (9th Cir.2000)). Ahmad argued that he was denied due process because the BIA took notice of a regime change in Pakistan without giving him notice and an opportunity to respond.

The BIA may generally take administrative notice of legislative facts such as changed country conditions subject to an abuse of discretion standard. *Castillo–Villagra v. INS*, 972 F.2d 1017, 1028 (9th Cir.1992). In exercising this discretion, the Board must be "fair in the circumstances." *Id.* Before taking notice that a change of government eliminated a danger to a petitioner, the BIA should give parties notice and opportunity to respond or to show cause why administrative notice should not be taken. *Id.* at 1028, 1029; *Gonzalez v. INS*, 82 F.3d 903, 911 (9th Cir.1996).

Here, the BIA improperly took administrative notice of the fact that the regime in Pakistan had changed. The regime change, Pervez Musharraf's seizure of power in October, 1999, occurred several months after Ahmad submitted his April

12, 1999, motion to reopen. Taking notice of the regime change affected the BIA's determination of the probability of future torture. Because Ahmad was not given notice prior to the BIA's taking notice of the regime change, he was precluded from attempting to show that the regime change did not obviate the possibility of torture. This constitutes a violation of Ahmad's Fifth Amendment due process rights. *Gonzalez,* 82 F.3d at 912 ("[I]f petitioner's case makes it plausible that the threat of political persecution would remain despite that change, then petitioner is entitled to notice that the BIA proposes to treat the threat as dissipated, and an opportunity to be heard on whether that is so."); *Castillo–Villagra,* 972 F.2d 1017, 1029 (9th Cir. 1992); *see Acewicz v. U.S. INS,* 984 F.2d 1056, 1060 (9th Cir.1993).

KLEINFELD, Circuit Judges,
dissenting.

I respectfully dissent.

I agree with the majority's interpretation of *Castillo–Villagra v. INS* [1] and its progeny, but the administrative notice of a change of regime was not decisive in this case.

Ahmad bore the burden of proof on his contention that if he was returned to Pakistan, he would probably be tortured because of his support for Pakistanis descended from those who fled India at partition.[2] The BIA said that he had not met that burden, because he had not been tortured in the past and had otherwise shown no probability of torture in the future.

Though he claimed he had been beaten twice and otherwise abused by the police, the BIA found that such police brutality

---

**1.** *Castillo–Villagra v. INS,* 972 F.2d 1017 (9thCir.1992).

**2.** 8 C.F.R. § 208.16(c)(2).

did not "r[i]se to the level of torture." The BIA had adopted an interpretation of the Convention, consistent with language in the legislative history, that "rough and deplorable treatment, such as police brutality, does not amount to torture." We have similarly interpreted the law.[3] As reprehensible as police brutality is, I doubt that it is confined to so few regimes or so entirely unknown in our own, except in cases more extreme than those involving two beatings with no long term medical consequences, as to justify classifying it as an "extreme form of cruel and inhuman treatment" constituting torture under the Convention.[4] *Al–Saher v. INS,* upon which Ahmad relies, involved much more severe abuse than Ahmad claims here.[5]

The BIA's adversion to the change of regime came in an alternative holding ("even were we to assume that the respondent had been tortured in the past"). Because the BIA's decision would stand even without this alternative holding, we cannot vacate the decision based on the alternative holding.

The majority correctly does not require Ahmad to show past torture, for he could establish a probability of future torture without that. But he failed to show a probability of future torture, through past torture, through evidence about the old regime, or through anything else. Thus his right to notice and an opportunity to be heard on the question whether a change of regime obviated the probability of torture is immaterial to the issue on which his case turns.

We remand the case to the BIA to allow Ahmad the opportunity to be heard on how the change of regime affects his assertion

that he will likely be tortured if returned to Pakistan.

**REMANDED.**

---

**3.** *See Gui v. INS,* 280 F.3d 1217, 1222–23, 1230 (9th Cir.2002).

**4.** 8 C.F.R. § 208.18(a)(2).

**5.** *Al–Saher v. INS,* 268 F.3d 1143 (9th Cir. 2001).